IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DONALD GLEN MELTON**                                                                     **PLAINTIFF**

**v.**                                                                  **CIVIL CASE NO. 4:23-CV-27-RP**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                                  **DEFENDANT**

**JUDGMENT**

Plaintiff Donald Glen Melton has filed for judicial review pursuant to 42 U.S.C. § 405(g) following the unfavorable decision of the Commissioner of Social Security regarding an application for disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 15. The undersigned held a hearing on September 8, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is not supported by substantial evidence and should be reversed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2020. At step two, she found that the plaintiff had the severe impairments of: mild cervical spondylosis, mild osteoarthritis in the bilateral hips, and obesity. At step three, she found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. During step three, she also determined that plaintiff has the residual functioning capacity ("RFC") to perform light work, except:

> the claimant can "lift/carry/push/pull up to 20 pounds occasionally and 10 pounds frequently, could stand/walk for six hours in an eight-hour workday, and could sit for six hours in an eight-hour workday. The claimant can occasionally balance, stoop, kneel, crawl, and climb ramps and stairs, but the claimant cannot climb ladders, ropes, or

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

scaffolds. The claimant cannot reach overhead bilaterally but can frequently reach in all other directions.

At step four, the ALJ found that the plaintiff had no past relevant work. Finally, at Step 5, the ALJ found that the plaintiff can perform other jobs in the national economy that are compatible with his age, education, work experience, and RFC. Accordingly, the ALJ concluded that the plaintiff is not disabled under §§ 216(i) and 223(d) of the Social Security Act.

## Discussion

The plaintiff makes several arguments of error on appeal, one of which the court finds has such merit as to warrant reversal of the Commissioner's decision.[11]

In her decision the ALJ found at step two of the sequential analysis that the plaintiff's diagnosed chronic headache disorder is not a severe impairment. The ALJ noted normal physical examinations and a normal CT scan of the plaintiff's head, and the ALJ also noted that at the time of the decision, the plaintiff's treatment for the disorder had not yet lasted 12 months. The ALJ concluded, "The primary cause of the claimant's headaches is not identified; therefore, the undersigned cannot determine that the impairment would reasonably be expected to last for 12 months." The plaintiff argues that this finding is erroneous as a matter of law. The court agrees.

"Migraine headaches are particularly unsusceptible to diagnostic testing." *Wiltz v. Barnhart,* 484 F.Supp.2d 524, 532 (W.D. La. 2006) (finding ALJ's insistence upon "objective medical evidence" of claimant's migraines was error). Normal or negative diagnostic test results provide no basis for discounting the severity or duration of a headache disorder. To the contrary, according to the Commissioner's own policy, unremarkable diagnostic tests such as MRIs and

---

[11] For the reasons announced on the record at the conclusion of oral argument, the court finds no reversible error among the other issues raised by the plaintiff on appeal.

computed tomography (CT) scans of the head are "consistent with a primary headache disorder diagnosis," as such tests "may be useful in ruling out other possible causes of headache symptoms." SSR 19-4P (S.S.A.), 2019 WL 4169635, at *4 (2019).

When an ALJ considers the severity of a claimant's migraines, "there are medical signs which should be viewed as 'objective evidence.'" *Wiltz v. Barnhart,* 484 F.Supp.2d 524, 532 (W.D. La. 2006). Such medical signs include:

> whether the claimant's migraines are accompanied by drowsiness, dizziness, nausea, vomiting and blurred vision, whether the claimant has been prescribed medication for migraines and the associated symptoms of nausea and vomiting, whether the plaintiff is sensitive to light (photophobic) or sound, whether the claimant has received continuing and regular treatment for migraines – including outpatient and emergency treatment – and whether the claimant's symptoms are consistent with those of migraine headaches.

*Wiltz,* 484 F.Supp.2d at 533. The *Wiltz* court found such medical signs to be present where the record showed the claimant consistently sought treatment for migraines, he was prescribed medication for migraines, he told his doctor that his migraines sometimes result in vomiting, and he testified that once he gets a migraine he becomes dizzy and must stay in a dark room until the headache is gone. *Id.* (finding claimant's migraines to be incapacitating and reversing and rendering award of benefits). Virtually all of these medical signs are present in the instant case as well.

The medical records reflects that the plaintiff has received continuing treatment for migraines – both outpatient and emergency – and has been prescribed medication to treat the disorder. The ALJ acknowledged the plaintiff's administrative hearing testimony that he has headaches up to five days per week and that the headaches are exacerbated by noise, light, and exertion. While the plaintiff's testimony alone may not suffice to establish the severity of his migraines, his testimony is largely corroborated by treatment notes, and this the ALJ did not

acknowledge. The treatment notes reflect the plaintiff's reports that his migraines occur four or five times per week, last all day, and are accompanied by dizziness, nausea, vomiting, and sensitivity to light and sound.

As for the durational requirement, "[w]hen the application is being adjudicated (or a hearing decision is being issued) before the impairment has lasted 12 months, the nature of the impairment, the therapeutic history, and the prescribed treatment will serve as the basis for determining whether the impairment" is expected to last twelve months from the onset of disability. SSR 82-52 (S.S.A.), 1982 WL 31376, at *2 (1982). Nowhere in this SSA policy or elsewhere is it suggested that the primary cause of a claimant's headaches must be identified before a determination can be made on whether that impairment meets the durational requirement, and nor could it be so suggested, because again, "[m]igraine headaches are particularly unsusceptible to diagnostic testing." *Wiltz,* 484 F.Supp.2d at 532. The ALJ's finding in this regard is erroneous. Had the ALJ considered the proper factors, she may well have found that the durational requirement is met.

As to the severity of the plaintiff's headache disorder, an impairment can be considered as not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir. 1985). To establish the severity of an impairment at step two, a claimant must make a *de minimis* showing. *Salmond v. Berryhill,* 892 F.3d 812, 817 (5th Cir. 2018).

In the present case, with his testimony, supported by treatment notations of medical signs that are to be viewed as objective evidence of the severity of a claimant's migraines, the plaintiff made at the very least a *de minimis* showing that his migraines are a severe impairment. The ALJ's finding to

the contrary was error. However, "such a conclusion does not require an automatic reversal – if the ALJ proceeds past step two, we consider whether the error was harmless." *Keel v. Saul,* 986 F.3d 551, 556 (2021). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel,* 986 F.3d at 556.

The error in the present case is not harmless. If, instead of basing her severity finding on an erroneous construction of the durational requirement, the ALJ had evaluated the severity of the plaintiff's headache disorder with regard to the medical signs that should be viewed as objective medical evidence, and if the ALJ had therefore recognized the plaintiff's migraines as a severe impairment, it is not inconceivable that the ALJ would have assessed as part of the RFC a resulting degree of absenteeism or time off task that would eliminate all available work.

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

This, the 11th day of September, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE